## HERMAN RUSHNEFSKY v. THE STATE.

No. 6983.  Decided October 18, 1922.

**1.—Manufacture of Intoxicating Liquor—Misconduct of Juror.**

Where the motion for new trial showed that one of the jurors who was a druggist told the other jurors that alcohol could not be used in making

vinegar in the manner in which the defendant claimed, and that the alcohol, or the ingredients for making grain vinegar, could be purchased cheaper by the defendant, than he could manufacture them in the way he tried, during the deliberation of the jury, and before the verdict was rendered, the same was reversible error. Following McKissick v. State, 26 Texas Crim. App., 637, and other cases.

### 2.—Same—Misconduct of Jury—Telephone Communication.

Where it appeared in the record that several of the members of the jury after they were empanelled held telephonic communications with persons outside, and the State did not show that these conversations had no reference to the case, and that no injury resulted to the defendant, the same was reversible error. Following Wood v. State, 84 Texas Crim. Rep., 191, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Andrew J. Priest*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful manufacture of intoxicating liquor.

The State's theory, as developed from the evidence is that parties possessed of a search warrant went to appellant's place of business in the City of Dallas and found a still suitable for the manufacture of intoxicating liquor. They also found a bottle containing about two and one-half or three gallons of liquid; also a keg of liquor which, according to the statement of one of the witnesses who drank some of it, was intoxicating. Another witness testified that they also found mash there which would be used in making whisky; also found eight barrels; also a jar of burnt sugar which could be used in making whisky. The witness saw the fluid that was taken from the premises and pronounced it corn whisky, capable of producing intoxication. Another witness described the still in operation and saw whisky on the premises.

Marks, for the defendant, testified that he was a salesman for the appellant who operated under the name of the Texas Vinegar and Bluing Company; that he sold vinegars and bluing. The vinegars sold were white distilled and colored distilled. The vinegars were manufactured on the premises and he sold about fifty barrels per month. Each barrel contained about fifty gallons.

Appellant testified that in all he sold about 125 to 150 barrels of vinegar each month; that the still was used to produce alcohol for making vinegar; that alcohol and grain are necessary in the manu-

facture of vinegar; that no other liquid could be substituted for alcohol. He distilled his vinegar from rye and sugar as that was the most economical way to manufacture distilled vinegar; that he saved freight by maufacturing it in Dallas, and he went into details showing the use of alcohol in the methods pursued in the manufacture of the vinegar; that the alcohol was mixed with water and run through beechwood shavings; that he sometimes sold as much as $5,000 worth of vinegars during the month. He produced a list of his customers who were purchasers of his vinegars and also gave the names of persons from whom he purchased material for its manufacture. He also explained that the alcohol was absorbed by the shavings and this had the effect of oxidation with the air, which turned the liquid into vinegar.

Emory for the defendant testified that he had known the appellant and had never known him to drink liquor or to sell it. He introduced a book giving the method of using alcohol in the manufacture of vinegar.

In his motion for new trial, it was charged and proved that one of the jurors who was a druggist told the other jurors in substance that alcohol could not be used in making vinegar in the manner in which the appellant claimed, and moreover, that alcohol or the ingredients for making grain vinegar could be purchased cheaper by the appellant than he could manufacture them in the way he described. These remarks were made during the deliberations of the jury and before the verdict was reached. The statute declares that a new trial shall be granted "where the jury after having retired to deliberate upon a case had received other testimony." Communications of new facts from one juror to another is within the provisions of this statute. McKissick v. State, 26 Texas Crim. App. 673; Vernon's Tex. Crim. Law, Vol. 2, p. 789. Such communications, however, need not bring about a new trial unless they be material. In the case in hand the only defense which the appellant interposed was that he made the alcohol for the purpose of manufacturing vinegar. The evidence of the juror directly controverted appellant's theory and testimony and came clearly, we think, within the terms of the statute. A review of the authorities upon the subject will be found in McDougal v. State, 81 Texas Crim. Rep., 191.

Another point made in the motion for new trial and sustained by the evidence was that several of the members of the jury, after they were impaneled, held telephone communications with persons outside. The names of the persons are not given, nor any of them called to show the nature of the conversation. This character of communication is prohibited by the statutes of the State except conversations being in the presence of and by permission of the court. Code of Crim. Proc. Art. 478. When the conversation is held without the presence of or permission of the court, it devolves upon the State to show by the best evidence available that the conversation had no

reference to the case on trial and that no injury resulted to the accused. Early v. State, 51 Texas Crim. Rep., 391; Wood v. State, 84 Texas Crim. Rep., 191. The court, under the facts, was not warranted in refusing the motion for new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*